RICHARD M. OBERTO
ATTORNEY AT LAW
State Bar No. 247285
516 W. Shaw Ave. Ste 200
Fresno, California  93704
Telephone: (559) 221-2557

Attorney for Defendant,
Deena Vang Lee

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 1:19-cr-00081 |
| | ) |
| *Plaintiff*, | ) MOTIONS IN LIMINE BY THE |
| | ) DEFENDANT DEENA VANG LEE |
| v. | ) |
| | ) Date: 1/24/23 |
| DEENA VANG LEE, | ) Time: 8:30 a.m. |
| | ) Courtroom: 1 |
| *Defendant*. | ) Judge: Hon. Ana I. de Alba |
| | ) |

**TO THE ABOVE ENTITLED COURT AND THE UNITED STATES ATTORNEY'S OFFICE:**

Please accept this as the motions in limine by the defendant DEENA VANG LEE ("Ms. Lee") in the above-entitled case.  There are two motions in limine to impeach the prosecution witnesses Tou Yang ("Mr. T. Yang") and Nicky Khang ("Ms. N. Khang") by their respective criminal convictions.

According to discovery recently produced by the prosecution, Mr. T. Yang has the following three prior convictions: (i) In 2006, a felony conviction for Criminal Threats under California Penal Code section 422; (ii) in 2012, a felony conviction for Driving with a Blood-Alcohol Level of .08% or More Causing Bodily Injury under California Vehicle Code section 23153(b); and (iii) in 2017, a misdemeanor conviction for Domestic Partner Battery under California Penal Code section 243(e)(1).

Also according to discovery recently produced by the prosecution, Ms. N. Khang has the following prior conviction: In 2017, a felony conviction for Marijuana Possession under 21 U.S.C. section 844(a).  *See* CAED No. 1:18-cr-00082, Dkt. No. 3-3.

**I.      A defendant is entitled to impeach witnesses with prior criminal convictions involving a felony or a crime of dishonesty.**

Under Fed. R. Evid. 609(a), a defendant is entitled to attack a witness's character for truthfulness by evidence of a prior criminal conviction involving a felony or a crime of dishonesty.  The witness is generally subject to such impeachment where the evidence of the prior conviction is not substantially more prejudicial than probative under Fed. R. Evid. 403.  Fed. R. Evid. 609(a)(1).  Additional standards apply where more than ten years have passed since both the conviction and release from confinement.  Fed. R. Evid. 609(b).  In that case, the witness is subject to impeachment where the prosecution has advance notice of the prior conviction and the probative value of the conviction substantially outweighs the prejudicial effect.  *Id.*

**A.      Motion in Limine No. 1: Ms. Lee is entitled to impeach the witness Tou Yang by his three criminal convictions.**

Mr. T. Yang's felony conviction for Driving with a Blood-Alcohol Level of .08% or More Causing Bodily Injury involves a custodial release date within the past ten years under Fed. R. Evid. 609(b).  According to the prosecution discovery, Mr. T. Yang was subject to a probation violation and three-year stayed prison term in 2012.  After that, he was subject to another probation revocation in 2015, bringing his latest custodial release date within the past ten years.  The conviction shows a readiness to lie and do evil and does not present any risk of undue prejudice to the prosecution under Fed. R. Evid. 609(a)(1).

The misdemeanor conviction for Domestic Partner Battery occurred within the past ten years and shows dishonesty under Fed. R. Evid. 609(a)(2).  Mr. T. Yang violated the trust of a domestic partner by battering her.  Such an act shows a readiness to lie and do evil.  Evidence of the conviction does not present any risk of undue prejudice to the prosecution under Fed. R. Evid. 609(a)(1).

The felony conviction for Criminal Threats does not appear to involve a conviction or release date within the past ten years.  Even so, the prosecution has advance notice of the prior conviction under Fed. R. Evid. 609(b)(2), having produced the discovery that made the defense aware of the matter.  In addition, the probative value of the conviction

substantially outweighs the prejudicial effect under Fed. R. Evid. 609(b)(1).  The

conviction shows a readiness to lie and do evil.  Meanwhile, Mr. T. Yang sustained two

subsequent convictions, showing that he failed to maintain any substantial period of law-

abiding behavior and reform his character.  Accordingly, the conviction from 2006

continues to provide a fair and accurate impression of Mr. T Yang's dishonest character.

**B.      Motion in Limine No. 2: Ms. Lee is entitled to impeach the witness Nicky Khang by her criminal conviction.**

Ms. Khang's felony conviction for Marijuana Possession occurred within the past

ten years under Fed. R. Evid. 609(b).  She violated the public trust by committing a felony,

which shows a readiness to lie and do evil.  Evidence of the conviction does not present any

risk of undue prejudice to the prosecution under Fed. R. Evid. 609(a)(1).

**II.     Conclusion.**

For the reasons stated, the court should grant Ms. Lee's two motions in limine.


DATED: 1/9/23                          /s/Richard M. Oberto
                                       RICHARD M. OBERTO
                                       Attorney for Defendant,
                                       Deena Vang Lee

3