PHILLIP A. TALBERT
United States Attorney
ALEXANDRE M. DEMPSEY
HENRY Z. CARBAJAL III
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>DEENA VANG LEE,<br><br>　　　　　　　　　Defendant. | CASE NO. 1:19-CR-00081-ADA-BAM<br><br>OPPOSITION TO DEFENSE MOTIONS IN LIMINE<br><br>DATE: January 24, 2023<br>TIME: 08:30 a.m.<br>COURT: Hon. Ana de Alba |

**INTRODUCTION**

The United States of America, by and through Assistant United States Attorneys Alexandre M. Dempsey and Henry Z. Carbajal III, oppose both defense Motions in Limine filed on January 9, 2023. Both motions *in limine* relate to impeachment of government witnesses, specifically Tou Yang and Nicky Khang. While the United States agrees that the defense may impeach Yang on his 2012 felony conviction for Driving with a Blood-Alcohol Level of .08% or More Causing Bodily Injury, neither of the other convictions should be used to impeach Yang. Additionally, the conviction against Khang should not be admitted to impeach because she has been pardoned for the offense, which, in combination with other factors, results in the prejudicial effect of admission out-weighing the probative value of the conviction.

///

///

**ARGUMENT**

  A. <u>*The Prior Convictions of Witness Tou Yang are not Admissible*</u>

  At trial, the government may call Yang, the individual whose means of identification was used by the defendant without lawful authority as alleged in Count Five of the Indictment. As relevant to this opposition, Yang has been convicted of a 2006 felony conviction for Criminal Threats under California Penal Code Section 422 and a 2017 misdemeanor conviction for Domestic Partner Battery under California Penal Code Section 243(e)(1).

  The 2006 felony conviction is over 15 years old. Because it is over ten years old, it is presumptively inadmissible under Fed. R. Evid. 609(b). *United States v. Bay*, 762 F.2d 1314, 1317 (9th Cir. 1984) ("Evidence of a conviction more than ten years old is presumptively inadmissible as too remote."); *see also United States v. Bensimon*, 172 F.3d 1121, 1126 (9th Cir. 1999).

  In order to overcome the presumption, the burden is on the proponent of the evidence to show, with specific facts and circumstances, that the probative value substantially outweighs its prejudicial effect. *Bensimon*, 172 F.3d at 1125; *United States v. Portillo*, 633 F.2d 1313, 1323 (9th Cir. 1980). Accordingly, unless the defendants can point to specific facts to overcome the presumption of Rule 609(b), which is highly unlikely, the government submits that the 16-year-old conviction is inadmissible for purposes of impeachment. *See United States v. Lorenzo*, 43 F.3d 1303, 1308 (9th Cir. 1995) (excluding conviction ten years and five months old).

  With respect to Yang's misdemeanor conviction, it does not pertain to dishonest acts or false statements under Rule 609(a)(2). The 2017 misdemeanor battery conviction is not in the nature of *crimen falsi*, and thus should not be admitted. Adv. Comm. Notes, 2006 amendments, Fed. R. Evid. 609 ("The Conference Committee provided that by 'dishonesty and false statement' it meant 'crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully.'"); *see also K.J.P. v. County of San Diego*, 2022 WL 598061, FN5 (S.D. Cal. 2022) (noting that misdemeanor convictions of assault and battery under color of authority and false imprisonment are not admissible to be used for purposes of credibility under Federal Rules of Evidence 403 and 609).

B.     *The Prior Conviction of Witness Nicky Khang should not be Admitted*

At trial, the government may call Khang, the individual tax payer referenced in Count Six of the Indictment.  Khang had been convicted of felony Possession of a Controlled Substance – Marijuana in 2017 under 21 U.S.C. Section 844(a).  This conviction appears to be covered in full by President Biden's October 6, 2022 pardon for all United States citizens "who committed the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. 844 and as previously codified elsewhere in the United States Code, or in violation of D.C. Code 48–904.01(d)(1), on or before the date of this proclamation, regardless of whether they have been charged with or prosecuted for this offense on or before the date of this proclamation."  *A Proclamation on Granting Pardon for the Offense of Simple Possession of Marijuana* (October 6, 2022).  While Rule 609(c)(1) does not preclude the admission of a pardoned conviction without a finding that the person has been rehabilitated, the fact that Khang has been pardoned for the offense must be considered as part of the Rule 403 balancing test of whether the conviction's probative value is substantially outweighed by unfair prejudice.  Fed. R. Evid. 403.

When deciding whether a prior conviction is admissible to impeach a government witness, the court must apply the general balancing test of Rule 403 to protect against the unfair impeachment of witnesses.  *United States v. Rowe*, 92 F.3d 928, 933 (9th Cir. 1996).  A marijuana possession conviction has little probative value to impeach a witness's credibility for any of the purposes outlined in Rule 404(b), but the prejudicial effect may be significant.  *See United States v. McLister*, 608 F.2d 785, 790 (9th Cir. 1979) (considering the prejudicial effect and subsequent admissibility of a misdemeanor marijuana conviction).  None of the other factors tip the balance in favor of admission, and the conviction should therefore be inadmissible as to impeachment of Khang.

C.     *Limited Nature of Impeachment of Prior Convictions*

For any of the prior convictions that the Court rules are admissible as to impeachment, the Defense should only be allowed to inquire as to whether the witness sustained a prior felony conviction without describing the nature of the offense.  The scope of any such inquiry is limited by Rule 609 and "absent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction."  *United States v.*

*Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). "Generally, 'only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility.'" *Id.* (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996). This limitation is critical because of the unfair prejudice and confusion that could result from "eliciting details of the prior crime." *Id.*

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court deny the defense motions *in limine* consistent with the above.

Dated:  January 12, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ ALEXANDRE M. DEMPSEY
ALEXANDRE M. DEMPSEY
Assistant United States Attorney