UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:19-cr-00081-DJC-EFB |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DEENA VANG LEE, | |
| Defendant. | |

Defendant Deena Vang Lee previously proceeded to trial and was found guilty of three counts of wire fraud in violation of 18 U.S.C. § 1343, two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A, five counts of aiding and assisting in the preparation and presentation of a false and fraudulent return, statement or other document in violation of 27 U.S.C. § 7206(2), and three counts of making and subscribing a false and fraudulent tax return in violation of 26 U.S.C. § 7206(1).  (*See* ECF No. 79.)  On May 8, 2023, Defendant was sentenced to a total of 54 months.  (*See* ECF Nos. 93, 96.)  Defendant has now filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), arguing that her sentence should be reduced to 51 months to account for two criminal history "status points" that she received at sentencing that she would not receive following an amendment to the United States Sentencing Guidelines.  (ECF No. 131.)  Defendant's Motion is unopposed.  (*Id.* at 1–2.)

1

Defendant is eligible for a reduction. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (describing the analysis for resentencing under section 3582(c)(2) as a "two-step inquiry" with the first step being determining the defendant's eligibility and the second step being assessing the section 3553(a) factors); *see also* U.S.S.G. §1B1.10. In determining Defendant's guideline range, she was given two "status points" as an individual who was "under any criminal justice sentence" at the time of her offense. (*See* ECF No. 83 ¶ 45.) In November 2023, the United States Sentencing Commission amended the Sentencing Guidelines to remove this two-status-point adjustment, instead imposing one point if a defendant had at least seven criminal history points and was under a criminal justice sentence at the time of the instant offense. U.S.S.G. §4A1.1(e). This amendment applied retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); *see* U.S.S.G. §1B1.10. Under these amended guidelines, Plaintiff would not have received any status points as she had less than seven criminal history points at the time of the offense. Defendant is thus eligible for a sentence modification.

Removing the two status points that were imposed, Defendant has a criminal history score of 1, placing Defendant in criminal history category I. Because Defendant's total offense level is 18, the guideline imprisonment range for Counts 1 through 3, 6, 8 through 11, and 16 through 18 is 27–33 months.[1]

Having found that Defendant is eligible for sentence modification, the Court then turns to whether a reduction in sentence is warranted under the factors in 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 827. Defendant was sentenced to the low end of the guideline range for the counts without a mandatory minimum and the mandatory minimum sentence for those with a statutory minimum. (*See* ECF No. 96.) Considering the factors under section 3553(a), including the steps Defendant has

---

[1] Defendant's guideline range for counts four and five remains unaffected due to the 24-month mandatory consecutive sentence.

taken toward rehabilitation while in custody, reduction of Defendant's sentence is warranted.

Accordingly, IT IS HEREBY ORDERED that Defendant Deena Vang Lee's Motion (ECF No. 131) is GRANTED. Defendant Deena Vang Lee's sentence on Counts 1 through 3, 6, 8 through 11, and 16 through 18 is reduced to 27 months, resulting in a total custodial sentence of 51 months.

IT IS SO ORDERED.

Dated:   **September 10, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE